DETROIT PORTLAND CEMENT CO  *v.*  GENESEE CIRCUIT JUDGE.

1. VENUE—CHANGE—TIME FOR APPLICATION.

   Where a chancery cause was at issue as to all defendants who had been brought in, and the defendants who had joined issue had no means of knowing whether jurisdiction over the others would ever be acquired, an application for change of venue under Act No. 309, Pub. Acts 1905, was not prematurely made.

2. SAME—REFUSAL.

   Where a cause was only at issue as to defendants who had been brought in, and the judge was advised that steps had been taken or were to be taken to acquire jurisdiction over other defendants, and it was not shown that complainant was chargeable with laches, the court properly declined at that time to make an order changing the venue.

Mandamus by the Detroit Portland Cement Company and others to compel Charles H. Wisner, circuit judge of Genesee county, to vacate an order denying a change of venue. Submitted April 9, 1907. (Calendar No. 22,210.) Writ granted April 30, 1907.

*Keena, Lightner & Oxtoby,* for relator.

HOOKER, J.   The complainant filed a bill in chancery against several defendants in the circuit court for the county of Genesee on the 3d day of January, 1907. On January 28, 1907, an application for a change of venue was made under the statute. Act No. 309, Pub. Acts 1905. This was denied and the petition dismissed, and the order is before us on application for mandamus.

Issue was joined by answer filed on behalf of four resident defendants upon January 26, 1907. Process had not at that time been served upon the nonresident defendants. It does not appear that any action had been taken to obtain jurisdiction of them by a substituted service, though the opinion filed by the circuit judge states that he is "advised that proceedings for substituted service have been or soon will be instituted to bring in" the two nonresident defendants. The record fails to show what the return day of the subpœna was, or whether the subpœna had been returned before the application was made. Objection to granting the order was made upon the ground that the application was premature, it being claimed by counsel, as it was afterwards held by the court, that the statute does not authorize a change of venue until the cause is at issue as to all parties. Section 10 makes compulsory (upon a prescribed showing) the change of venue " of any civil action pending, etc., * * * and direct the issue to be *tried* in the circuit court of another county, etc." After the act became operative the Supreme Court prescribed the practice under it by Circuit Court Rule No. 58. See 137 Mich. xxxvii. The rule is as follows:

"Motion for change of venue in any civil cause shall

be entered, and notice of hearing served within 10 days after the cause shall be at issue, unless the moving party shall make it appear to the satisfaction of the court that the facts upon which the application is based have come to his knowledge after the time above limited, and within 10 days previous to such deferred application, and that said party has been diligent in ascertaining the facts upon which said action is based. In causes pending and at issue when this rule shall take effect, said motion shall be entered within 20 days therefrom: *Provided,* That a deferred application may be made upon complying with the terms above prescribed."

There is force in the suggestion of the learned circuit judge appearing in his opinion that the change of venue and transfer of a cause before the appearance or lawful default of a defendant would subject such defendant to the danger of being defaulted for want of a seasonable appearance in the proper court. There could be little reason for an application for a change of venue before an issue of fact or law should be joined, for the case could then be heard only upon default. And we are of the opinion, therefore, that a court should not be asked to change the venue by a defendant who has not made an issue. And as chancery causes are not in condition for hearing, until all defendants over whom the court has obtained jurisdiction have either tendered an issue or been defaulted (see Chancery Rule 13), we think that an application made within 10 days after the filing of the last plea, answer, or demurrer, or expiration of the period for the entry of defaults, would be seasonable under the rule. We do not mean to be understood that an earlier application made by a defendant who had previously joined issue would be fatally premature. On the contrary we are of the opinion that it would not be, though the circuit judge ought to, or at least might in his discretion, defer the making of an order until the time when the case should be at issue, or default entered as to all defendants over whom jurisdiction had been acquired.

In this instance the cause was at issue as to all defendants

who had been brought in, and the defendants who had joined issue may have had no means of knowing whether jurisdiction over the others would ever be acquired. We think this application should not be held to have been unauthorized, and unless there was some reason to believe that other parties should or would be brought in, the order should have been made. The record shows that the circuit judge was advised that steps had been or were to be taken to acquire jurisdiction over the nonresident defendants, and it does not appear that complainant was chargeable with laches. He was justified therefore in declining to make an order changing the venue at that time, but he should not have dismissed the petition as prematurely made. The writ must issue requiring the vacation of the order made, but we cannot require an order changing the venue upon this record, for the reasons given.

The writ will issue as indicated.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.