HOGAN v. DETROIT UNITED RAILWAY.

1. RAILROADS—EQUIPMENT—CONDITIONAL SALE—CONTRACTS—REC-
   ORD—BONA FIDE PURCHASERS.
      Where a buyer of electric-railway equipment upon a contract
      of conditional sale resold the same before paying for it, and
      the original contract of sale was not recorded as required by
      section 6336, 2 Comp. Laws, the seller or his assignee could
      not recover the balance of the purchase price from the last
      buyer without showing that such buyer was not a subsequent
      bona fide purchaser for value without notice; but that fact
      being established, either the seller or his assignee could re-
      cover, in trover, the unpaid price.

2. SALES—CONDITIONAL SALES—BONA FIDE PURCHASER — DEMAND
   —EVIDENCE.
      The receiver of a bank having bought the rights of the seller
      in a contract of conditional sale, and caused the assignment
      thereof to be made to plaintiff, and having demanded the re-
      turn of the property from defendant, a purchaser from the
      original buyer, those facts, and that the transaction by the
      receiver was authorized by the court appointing him, were
      provable in an action of trover against the party in posses-
      sion of the property to show the real party in interest, his
      authority, and the demand.

3. APPEAL AND ERROR—REVIEW — RECORD—ARGUMENT OF COUN-
   SEL.
      Where counsel did not go outside the record in his argument,
      and the language complained of was called out by comments
      of opposing counsel upon other testimony, which comments
      are not in the record, no cause for reversal arising from the
      argument appears.

Error to Wayne; Mandell, J. Submitted June 18,
1908. (Docket No. 21.) Decided November 2, 1908.

Trover by Walter G. Hogan against the Detroit United
Railway. There was judgment for plaintiff, and defend-
ant brings error. Affirmed.

*Brennan, Donnelly & Van De Mark (Geer, Williams, Martin & Butler,* of counsel), for appellant.

*Bowen, Douglas, Whiting & Murfin,* for appellee.

OSTRANDER, J.   Former opinions of this court, in this case (140 Mich. 101; 148 Mich. 283) indicate the nature of the action, the issues, and the substance of the testimony produced.   The facts made to appear upon the third trial are substantially those appearing upon each of the other trials.   The jury rendered a verdict in favor of plaintiff.   Judgment was entered on the verdict.   A motion for a new trial was made, heard, and denied.   Errors are assigned (1) upon rulings admitting certain testimony; (2) upon the charge given and upon refusals to charge the jury as requested by defendant; (3) upon the refusal to grant a new trial; and (4) upon exceptions taken to statements of counsel for plaintiff in the presence of the jury and in the argument of the case to the jury.

1. It appears, as it has twice before appeared, and the facts in this respect are in no way in dispute, that a manufacturing company contracted with a partnership association named Detroit Construction Company, Limited, to sell to it, and that it did sell and deliver to it, certain apparatus at an agreed price.   By the terms of the contract, title and ownership of this property remained in the vendor until the contract price was paid.   The contract was signed by both parties.   Three members of the vendee partnership association guaranteed in writing payment of the contract price, and agreed to indorse the notes to be given for deferred payments.   Before the apparatus was installed, the railway property of which it was to be and of which it became a necessary component part passed to defendant for value.   The purchase price of the railway property was made and paid upon the theory that the railway property was complete; that is to say, upon the theory that the apparatus in question, or equivalent apparatus, had been or would be installed as a part of the railway property.   A portion of the purchase price of the

apparatus—evidenced by the last note given—was not paid. Frank C. Andrews, one of the guarantors of payment, who was also an indorser of the note, became insolvent. Some of his creditors threatened to institute bankruptcy proceedings. The receiver of the City Savings Bank of Detroit, with the affairs of which the said Andrews was largely involved, to which he had conveyed property as security, for the purpose of avoiding bankruptcy proceedings, purchased and paid for this and other claims against him. An assignment of the contract, without recourse to the vendor, was made to the plaintiff. He demanded payment of the unpaid purchase price of the defendant. Payment was refused. He demanded the apparatus. The demand was refused. This suit was begun. The vendor of the apparatus did not comply with 2 Comp. Laws, § 6336. The effect of this was to defeat a recovery by it or by its assignee, unless it could be established that the defendant was not a subsequent bona fide purchaser of the property for value without notice. The admitted facts and the prior decisions limited the issue at the last trial to the single question of notice or knowledge on the part of defendant of plaintiff's claim. This notice or knowledge plaintiff had the burden of proving, and this he attempted to prove with no evidence that defendant had actual knowledge that the property was not paid for or that the contract for its purchase contained a provision reserving to the vendor title and the right to possession in case of default in payment. In proving his title the plaintiff did not rest upon the contract and the assignment thereof. He proved, over objection, what has been stated, viz., that the receiver was the real owner, had paid the face value of the demand, and had taken the assignment in the name of plaintiff, that the court appointing the receiver sanctioned the transaction, and that the reason for making the purchase was to prevent the institution of bankruptcy proceedings against Andrews. It is contended that this evidence was immaterial. The argument made is, in substance, that the plaintiff's succession to

the contract rights of the contract vendor is conclusively
shown by the contract and by the assignment thereof.
In this case the assignee is in the same position with re-
spect to the precise issue involved as was his assignor.
Neither could recover, unless it was established that de-
fendant, lawfully in possession of property which it had
paid for, bought it with notice of the original vendor's
rights.  This fact being established, either could recover, .
in trover, the unpaid purchase price.  In such a case it is
usually not necessary, to establish a right to recover, to
prove more than the written assignment imports, or to
prove a reason for taking an assignment, or that some
court or a judge thereof had authorized the purchase
of the demand, or that some person other than plaintiff
was the real party in interest.  None of these facts tended
in any way to prove that the defendant was not a good-
faith purchaser.  But it seems to be admitted in this case
that a demand was necessary before bringing suit.  The
fact of a demand of the property and a refusal to deliver
it or to pay for it was one to be established by plaintiff.
It was the receiver—the actual purchaser and owner of
the claim—which made the demand, and made it for and
in behalf of itself.  There were various interviews at
which the subject was discussed.  The plaintiff, Hogan,
appears to have taken no part in the negotiations, and all
interested parties understood, what was true, that the re-
ceiver purchased the claim and had the assignment made
to Hogan.  We have no doubt that the testimony was
competent, and that the real owner had the right to prove
its interest, its authority to make the purchase, and its
demand upon defendant.

2. We have examined the charge and the requests to
charge preferred by defendant, and think that no error is
pointed out.  The court fairly submitted the single issue
of fact involved in the case in a manner conformable with
former opinions of this court.

3. The grounds of the motion for a new trial are, *first,*

154 MICH.—31.

that there is no evidence to support a finding that defendant had notice or knowledge of plaintiff's demand; *second*, that the verdict is against the weight of evidence. Both points are disposed of by our former opinions.

4. We do not feel warranted in reversing the judgment for what counsel for plaintiff said in argument. It was in evidence that defendant had the guaranty of certain persons that the property conveyed to it should be free and clear from all liens and adverse rights or title or incumbrance except as enumerated. Counsel for plaintiff made a use of this testimony in argument objected to by defendant and called to the attention of the court. The court was of opinion that defendant's counsel had in his argument made comments upon other testimony which made the argument objected to proper. The record does not set out the language to which the court referred. Counsel for plaintiff did not travel outside of the record.

No error appearing, the judgment is affirmed.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.